925 F.2d 1480
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
EMHART INDUSTRIES, INC., Plaintiff-Appellant,
v.
UNIVERSAL INSTRUMENTS CORPORATION, Defendant-Appellee,
 No. 90-1155.
 United States Court of Appeals, Federal Circuit.
 Jan. 29, 1991.
 
 Before NIES, Chief Judge, COWEN, Senior Circuit Judge, and BROWN, District Judge.*
 PER CURIAM.
 
 
 1
 Emhart Industries, Inc., appeals from the judgment of the U.S. District Court for the Northern District of New York declaring that Universal Instruments Corporation did not infringe Emhart's United States Patent No. 4,549,087 ('087 patent) and dismissing Emhart's compulsory counterclaim charging infringement thereof. While other counts under other patents remain in the case for decision, we have jurisdiction at this time because the district court certified its judgment with respect to the '087 patent under Fed.R.Civ.P. 54(b) and Emhart's appeal was accepted. We affirm.
 
 DISCUSSION
 1. Denial of Discovery
 
 2
 We find no abuse of discretion in the district court's denial of Emhart's request for a continuance for the purpose of additional discovery. Emhart asserted it needed more information concerning Universal's device to answer the motion. However, the court found that, for the most part, Emhart's request had "little, if anything, to do with the summary judgment motion." App. at 6 (emphasis added). In support of its motion, Universal presented the affidavit of its expert who described the accused device in detail. The device is also described in Universal's U.S. Patent No. 4,814,621. Emhart's own responding affidavits to the summary judgment motion showed that there was no real dispute as to how the Universal machine was constructed or operated. Indeed, Emhart had countered the declaratory judgment claim with a counterclaim of infringement which, under Fed.R.Civ.P. 11, required a pre-allegation investigation of how the accused device worked. The district court's finding that Emhart knew how Universal's device worked is not clearly erroneous and, thus, the court's exercise of its discretion to deny a continuance cannot be set aside as based on an erroneous finding of fact.
 
 
 3
 Emhart argued that it might obtain an admission of infringement if it could depose Universal's counsel or it might find out that there were other Universal models. Neither of these reasons supports Emhart's asserted need for information concerning the accused device or warrants discovery in itself. The mere hope that discovery may uncover some type of evidence to validate Emhart's charge of infringement does not support its assertion that it could not respond adequately to the motion. All Emhart was required to do to avoid summary judgment was to raise a genuine issue of material fact with respect to the devices already charged to be infringements.
 
 
 4
 This is clearly not a case where the court rushed to judgment. The matter had been at issue for over a year when the motion was made. The asserted reasons for discovery did not explain what "fact" Emhart did not know about the accused device, and there is, in any event, no dispute over how Universal's device works. Thus, this case bears no resemblance to the cited cases where, for example, a stockholder bringing a derivative action needed discovery of facts in the hands of the defendants. Schoenbaum v. Firstbrook, 405 F.2d 215 (2d Cir.1968).
 
 
 5
 The question is not whether Emhart had full discovery but whether it could respond. Rule 56(f), Fed.R.Civ.P., states:
 
 
 6
 Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
 
 
 7
 In this case, Emhart presented affidavits explaining correctly and in detail how Universal's device worked. Thus, the district court did not abuse its discretion in ruling that Emhart did not show the unavailability of affidavits or that it could not present "facts essential to justify [its] opposition" to the motion. Emhart's quarrel is with the court's application of the correct law to the facts, a matter which Emhart was able to address sufficiently from the information it had at hand.
 
 
 8
 2. District Court "Findings"
 
 
 9
 Emhart next asserts error because the district court made "findings" in connection with ruling on a motion for summary judgment. Emhart misinterprets the court's decision. The court "found," for example, that Universal had "carried its burden" of "show[ing] that Emhart has failed to demonstrate that Universal's device contains every limitation described in the '087 patent claim." App. at 8. This type of "finding" is the foundation for granting summary judgment to a defendant, not prohibited factfinding. It is the type of "finding" which the Supreme Court approved as helpful to a court reviewing the grant of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n. 6 (1986); Avia Group Int'l, Inc. v. L.A. Gear Cal., Inc., 853 F.2d 1557, 1561, 7 USPQ2d 1548, 1552 (Fed.Cir.1988). Where there is insufficient evidence to raise a genuine dispute, a trial is unnecessary. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Anderson, 477 U.S. at 251-52; Avia, 853 F.2d at 1561-62, 7 USPQ2d at 1552.
 
 3. Merits
 
 10
 Emhart's arguments rest on the premise that the district court applied the wrong legal standard in finding no infringement under the doctrine of equivalents because the court looked for an equivalent of each element of the claim whereas the court should have considered "whether the entirety of the accused device, not parts of it, falls within a range of equivalents to which the claim is entitled." Emhart's Reply Brief at 3. Most of the arguments of Emhart raised here echo those recently rejected in Becton Dickinson v. C.R. Bard, Inc., No. 90-1013 (Fed.Cir. Dec. 13, 1990), which also dealt with a summary judgment of non-infringement. Suffice here to say that an accused device cannot be found to work "in the same way" within the meaning of the tripartite test of Graver Tank & Mfg. Co. v. Linde Air Prods. Co., 339 U.S. 605, 608 (1950) unless all limitations of the claim are shown to be satisfied in the accused device at least equivalently. Becton Dickinson, slip op. at 10.
 
 
 11
 Having considered all of Emhart's arguments, we are unpersuaded of reversible error.
 
 
 
 *
 Judge Garrett E. Brown, Jr., of the District of New Jersey, sitting by designation